1

2

3                                                                    O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  VINOD CHHABRA,                    )   Case No. CV 15-03857 DDP (FFMx)
                                      )
12              Plaintiff,            )
                                      )
13       v.                           )   **ORDER DENYING PLAINTIFF'S MOTION**
                                      )   **TO REMAND**
14  DEVRY UNIVERSITY, INC., an        )
    Illinois corporation             )
15  registered in the State of       )
    California; DEVRY                 )
16  UNIVERSITY, an entity of         )
    unknown capacity; DEVRY,         )   [Dkt. 16]
17  INC., a Delaware corporation     )
    registered in the State of       )
18  California; SCOTT SAND, an       )
    individual; KELLI SPENCE, an     )
19  individual; BRIAN PORTER, an     )
    individual,                       )
20                                    )
                Defendants.           )
21  _____  )

22

23       Presently before the court is Plaintiff Vinod Chhabra's Motion

24  to Remand.  Having considered the submissions of the parties, the

25  court denies the motion and adopts the following Order.

    I.   **Background**
26
         This case is once again before this court, after having been
27
    dismissed, remanded, now removed from state court a second time.
28

1  As described in this court's earlier Order ("First Order"),

2  Plaintiff was employed by Defendants Devry University, Inc. and

3  Devry, Inc. as an admissions advisor.  (No. 14-cv-07663-DDP-FFM,

4  Dkt. 19.)   The Individual Defendants were Plaintiff's supervisors.

5  Plaintiff alleged that all Defendants, including the Individual

6  Defendants, "intended at all time to discriminate against

7  plaintiff's employment (sic) due to his race natural origin and age

8  (sic)."  The Complaint further alleged that the Individual

9  Defendants "intended to undermine, disrupt and terminate plaintiff

10  as retaliation for his disclose, and divulging of conduct

11  perpetrated by defendant Scott Sand."  On October 22, the

12  Individual Defendants terminated Plaintiff's employment because of

13  a "claimed prevarication."

14      Plaintiff brought suit in state court alleging one cause of

15  action for discrimination, three causes of action for wrongful

16  termination, and a cause of action for breach of contract.

17  Defendants removed to this court and moved to dismiss.  Plaintiff

18  moved to remand.  This court, noting that Plaintiff's opposition to

19  the motion to dismiss solely discussed facts and theories regarding

20  the Individual Defendants that appeared either totally unrelated to

21  this case or were not alleged in the Complaint, denied Plaintiff's

22  motion to remand for lack of diversity jurisdiction and granted

23  Defendants' motion to dismiss.  (First Order at 4.)   The court,

24  although expressing skepticism that Plaintiff would be able to

25  adequately allege any claims against the Individual Defendants,

26  granted leave to amend.  (Id. at 5.)

27      Plaintiff filed a First Amended Complaint ("FAC"), adding

28  defamation, intentional infliction of emotional distress, and

1  negligent infliction of emotional distress claims against the

2  Individual Defendants.  (No. 14-cv-07663-DDP-FFM, Dkt. 8.)

3  Defendants acknowledged that is was no longer discernible from the

4  face of the FAC whether the parties are completely diverse. (No.

5  14-cv-07663-DDP-FFM, Dkt. 23.)  At the request of the parties, the

6  court remanded to state court.  (No. 14-cv-07663-DDP-FFM, Dkt. 27.)

7      After conducting some discovery in state court, and deposing

8  Plaintiff himself, Defendants concluded that the Individual

9  Defendants, who are California citizens, remain sham defendants,

10  fraudulently joined by Plaintiff to defeat diversity jurisdiction.

11  (Notice of Removal at 6.)  Defendants contend that Plaintiff

12  admitted in his deposition that he has no facts to support any of

13  the newly-alleged claims (defamation, infliction of emotional

14  distress) against the Individual Defendants.  (Notice of Removal at

15  7-18).  This court ordered Plaintiff to show cause why the

16  Individual Defendants are not fraudulently joined.  (Dkt. 15.)  In

17  response, Plaintiff filed the instant motion to remand, as well as

18  a "supplement" to the motion ostensibly responsive to the court's

19  Order to Show Cause, but essentially comprised of a shortened

20  version of the arguments raised in the instant motion.

21  **II.  Discussion**

22      As an initial matter, Plaintiff's counsel once again does not

23  dispute that he made no attempt to meet and confer in accordance

24  with Local Rule 7-3.[1]  See C.D. Cal. L. R. 7-3, 7-9.  This is the

25  second such failure, as Plaintiff's counsel violated Local Rule 7-3

26  in connection with his first motion to remand as well.  As

27

_____

28     [1] Plaintiff has not filed a Reply in support of the instant motion.

1  explained in this court's First Order, this alone would be reason

2  to deny Plaintiff's motion to remand.  C.D. Cal. L.R. 7-12.

3  Plaintiff's counsel is cautioned that the court expects full

4  compliance with all Local Rules in the future.

5       In any event, the argument raised in the instant motion has no

6  merit.  Plaintiff contends, without authority, that Defendants may

7  not remove the same case twice.  Plaintiff is mistaken.  See Reyes

8  v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015)

9  ("A successive removal petition is permitted . . . when subsequent

10 pleadings or events reveal a new and different ground for removal."

11 (internal quotations and emphases omitted)); See also S.W.S.

12 Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492-93 (5th Cir. 1996)

13 ("The prohibition against removal on the same ground does not

14 concern the theory on which federal jurisdiction exists . . ., but

15 rather the pleading or event that made the case removable. . . . A

16 defendant . . . can file a second removal petition when subsequent

17 pleadings or events reveal a new and different ground for removal .

18 . . .").

19      Plaintiff then argues that Defendants "abandoned" their right

20 to remove when they consented to remand of the FAC.  (Motion at 6.)

21 "A waiver of the right of removal must be clear and unequivocal."

22 Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240

23 (9th Cir. 1994).  Here, there has been no unambiguous

24 relinquishment of the right.  To the contrary, Defendants' notice

25 that, on the face of the FAC, there was no "current" jurisdiction

26 over the matter, and explicit pronouncement that they believed even

27 the new allegations to be "improper and meritless" are consistent

28 with their subsequent discovery efforts and second removal.  (No.

4

14-cv-07663-DDP-FFM, Dkt. 27.) Although a defendant may waive the right to removal by taking "actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum," the taking of jurisdictional-type discovery in state court does not manifest any such intent. Resolution Trust, 43 F.3d at 1240.

**III. Conclusion**

For the reasons stated above, Plaintiff's Motion to Remand is DENIED.

IT IS SO ORDERED.


Dated: February 2, 2016

DEAN D. PREGERSON
United States District Judge